UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re. LARRY REDIC,                        No. C 08-4199 MHP (pr)

        Petitioner.                   **ORDER OF DISMISSAL**

      Larry Redic apparently wishes to challenge his state court criminal conviction. Rather than filing a petition for writ of habeas corpus, he filed a "discovery motion" in which he asked the court to tell him when the deadline for him to file his habeas petition. A notice was sent to him that he had not filed a pleading (e.g., a complaint or a habeas petition), and cautioned that if he did not file one within thirty days, the action would be dismissed. Redic then filed the form petition for writ of habeas corpus, but did not assert any grounds for relief in it, and instead wrote, "this petition or motion request is for seeking discovery" of his AEDPA filing deadline. Petition, p. 2.

      The court lacks jurisdiction over this action because the habeas petition does not assert any claim for relief that would give the court subject matter jurisdiction under the habeas statute applicable to state prisoners, 28 U.S.C. § 2254, or any other federal statute. Merely asking a question about a habeas filing deadline does not present a federal question under the habeas statute so as to provide subject matter jurisdiction.

      Redic's motion indicates that he is aware that there is a one-year deadline for him to file his federal habeas petition, as he even cites the specific subsection of the applicable statute. The court cannot point him to anything more specific than that statute, except to note that the one-year period in 28 U.S.C. § 2244(d)(1)(A) runs from the conclusion of "direct review," which includes the ninety-day period within which a petitioner can file a petition for

a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999); see Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final 90 days after the California Supreme Court denied review). As he can read in the statute, there other potential later starting dates for the limitations period, and there are possibilities for the tolling of the limitations period.

The court will not calculate the exact date by which Redic must file his petition in order for it to be timely. Under general principles derived from the "case or controversy" requirement of Article III, Section 2, of the United States Constitution, a federal court may not issue advisory opinions. See United States v. Cook, 795 F.2d 987, 994 (Fed. Cir. 1986) (district court erred in tolling statute of limitations as to future claims by persons not party to the case before the court). Federal courts do not "'sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them].'" Id. (quoting Princeton University v. Schmid, 455 U.S. 100, 102 (1982)). There is no concrete dispute for this court to decide: Redic's request in essence asks the court to determine in advance when a petition will be time-barred. This court could not grant the requested relief without offending the Constitution's case or controversy requirement.

The in forma pauperis application is GRANTED. (Docket # 5.)

The "discovery motion" is denied and action is dismissed for lack of subject matter jurisdiction. The clerk shall close the file.

IT IS SO ORDERED.

DATED: November 14, 2008

Marilyn Hall Patel
United States District Judge

2